HILARY POTASHNER (Bar No. 167060 )
Federal Public Defender
(E-mail: Hilary_Potashner@fd.org)
ASHFAQ G. CHOWDHURY (Bar No. 243763)
(E-Mail: Ron_Chowdhury@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-1456
Facsimile: (213) 894-0081

Attorneys for Defendant
KENNETH WAYNE FROUDE

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Respondent, v. KENNETH WAYNE FROUDE, Petitioner. | Case No. CV 16-05353-JLS **OPPOSED *EX PARTE APPLICATION* SEEKING STAY OF SURRENDER PENDING APPEAL; DECLARATION OF ASHFAQ G. CHOWDHURY** |

OPPOSED EX PARTE APPLICATION SEEKING STAY OF SURRENDER PENDING APPEAL; DECLARATION OF ASHFAQ G. CHOWDHURY

    Petitioner KENNETH WAYNE FROUDE, through his attorney of record, Deputy Federal Public Defender, Ashfaq G. Chowdhury, hereby applies to this Court seeking a stay of Mr. Froude's surrender until Mr. Froude's appeal before the Court of Appeals is resolved. The government opposes this request.

                                      Respectfully submitted,

                                      HILARY POTASHNER
                                      Acting Federal Public Defender

DATED: September 14, 2017    By */s/ Ashfaq G. Chowdhury*
                                            ASHFAQ G. CHOWDHURY
                                            Deputy Federal Public Defender

**DECLARATION OF ASHFAQ G. CHOWDHURY**

I, Ashfaq G. Chowdhury, hereby declare as follows:

1. I am a Deputy Federal Public Defender in the Central District of California, and I am appointed to represent defendant Kenneth Wayne Froude in this matter.

2. On June 17, 2016, the Magistrate Judge issued an order Certifying Extraditability.

3. On August 3, 2017, this Court issued an order affirming the Magistrate Judge's order. Docket No. 12. Mr. Froude filed a Notice of Appeal from this Court's August 3, 2017 Order on August 10, 2017. Docket No. 14.

4. Mr. Froude makes this application to stay his surrender by the United States government to the Canadian government pending the resolution of his appeal to the Ninth Circuit from this Court's August 3, 2017 order. The issues raise in the extradition proceeding before Magistrate Court and this Court are complicated, and involve questions of dual criminality requiring analysis of U.S. and Canadian law, and whether Mr. Froude may be extradited to serve out his remaining long-term supervision in Canada—as is made clear in this Court's August 3, 2017 order and Magistrate Judge's order.

5. Given that surrender of Mr. Froude to Canadian authorities and his removal from the country while his appeal to the Court of Appeals is pending would cause him irreparable harm and that staying his surrender and extradition to allow Mr. Froude to see his appeal through causes no harm to the government—especially given that Mr. Froude is in custody—Mr. Froude respectfully suggests that the motion for stay should be granted. Serious legal questions have been raised, and the balance of hardships tips sharply in his favor. *See, e.g., Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983). The government is not prejudiced in any way by a stay of extradition pending appeal: Mr. Froude will remain in government custody, and will be extradited should his appeal fail. On the other hand, if Mr. Froude is extradited prior to seeing his

appeal through in the Court of Appeals, he will lose his ability to potentially obtain relief from extradition through the appeal.

      6. Moreover, Rule 23(a) of the Federal Rules of Appellate Procedure prohibits the person having custody of the petitioner in the underlying habeas corpus proceeding from transferring custody of the petitioner without approval from the court of appeals: "Pending review of a decision in a habeas corpus proceeding commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule." FRAP 23(a).

      7. On September 12, 2017, I asked counsel for the government, Assistant United States Attorney John Lulejian, for his position on this request. Mr. Lulejian informed me that the government **opposed** the request.

      I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: September 14, 2017    By  /s/ Ashfaq G. Chowdhury
                                          ASHFAQ G. CHOWDHURY
                                          Deputy Federal Public Defender