1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

KENNETH WAYNE FROUDE

Petitioner

v.

LOUIS MILUSNIC, WARDEN,

Respondent.

NO. CV 16-05353-JLS

**ORDER DENYING EX PARTE APPLICATION TO STAY PENDING APPEAL (DOC. 16)**

Petitioner has filed an Ex Parte Application Seeking Stay of Surrender Pending Appeal.  (Doc. 16.)  The Government has opposed.  (Doc. 17.)

In determining whether a stay should be granted, the Court considers "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Nken v. Holder*, 556 U.S. 418, 434 (2009).

As noted Court's Order affirming the Magistrate Judge's Extradition Order, the first factor weighs strongly against a stay. (*See* Order Dismissing Petition for Writ of Habeas Corpus, Doc. 12.)  As to the second factor, Petitioner has shown a possibility of irreparable injury; once extradited, his appeal will be mooted.  Therefore, the second factor weighs in favor of a stay.  The third factor weighs against a stay because the

1  issuance of a stay is unlikely to result in injury to other interested parties.  Finally,

2  having found Petitioner is subject to extradition under a valid treaty, the public interest

3  is served by permitting the Executive Branch to determine whether Petitioner should be

4  surrendered to Canada pursuant to that treaty.  Therefore, the fourth factor also weighs

5  against a stay.

6       On balance, although Petitioner has shown a possibility of irreparable injury, the

7  remaining factors, including most importantly the unlikelihood of success on the

8  merits, weigh against granting a stay.  The Court finds that a weighing of the relevant

9  factors weigh against a stay.

10      Petitioner argues that Federal Rule of Appellate Procedure 23, which limits a

11  habeas petitioner's transfer of custody where he has filed an appeal, would require

12  court approval by the Court of Appeals prior to any transfer of custody.  (Application at

13  3.)   To the extent that is the case, then nothing in this Order would preclude Petitioner

14  from seeking a stay pursuant to Federal Rule of Appellate Procedure 8(a).

15      For the reasons set forth herein, the Court DENIES Petitioner's Ex Parte

16  Application.

17      **IT IS SO ORDERED.**

18  DATED:  September 25, 2017

19                                    _____
                                      HONORABLE JOSEPHINE L. STATON
20                                    United States District Judge

21

22

23

24

25

26

27

28

2